UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Jesse J. Roberites,

                              Plaintiff,                        **Hon. Hugh B. Scott**

                                                                11CV521


                                                                **Decision & Order
                         v.                                       and
                                                                Report
                                                                & Recommendation**



Ron Huff Jr. et al.,

                              Defendants.

_____


        Before the Court are various motions: the plaintiff's motion to add pages to the

supplemental pleading (Docket No. 23); the plaintiff's motion for an injunction (Docket No.

29), the defendants' motion to compel discovery (Docket No. 38); the plaintiff's motion to

compel discovery (Docket No. 64); the plaintiff's motion for the appointment of counsel

(Docket No. 68), the plaintiff's motion for an extension of time (Docket No. 71).[1]

_____

        [1]  The parties have also recently filed motions for summary judgment (Docket Nos. 75
and 76). A briefing schedule with respect to these motions is set forth below.

**Background**

The plaintiff, Jesse J. Roberites ["Roberites"], commenced this action alleging various

claims against 13 defendants. (Docket No. 9). The claims arise out of Roberites' arrest on arson

charges. The record reflects that the plaintiff was convicted in Livingston County Court on June

9, 2009, on one count of arson in the third degree and one count of insurance fraud in the second

degree, (Docket No. 12 at page 7).

By Order dated March 30, 2012, Judge Michael Telesca dismissed counts 1, 5, 10, 11

and 17 without prejudice; dismissed counts 7, 8 and 18 with prejudice; and stayed counts 2,4, 9,

13 and 14. (Docket No. 12) Only Count 3 (excessive force), Count 6 (assault), Count 15

(excessive force),[2] Count 12 (failure to protect) and Count 16 (supervisory liability) were allowed

to proceed. (Docket No. 12). Thus, the Amended Complaint was served upon defendants Ron

Huff, Jr., Kim Moran, Michael Dougherty, John York, and Gerald Kane. These defendants

answered (Docket No. 14).

Roberites claims that on June 30, 2008, Kane and Dougherty placed hand cuffs on him

too tight causing cutting and bruising. The plaintiff asserts that he asked if they could be

loosened, but instead, Dougherty pushed Roberites toward a patrol car. Defendant Moran

allegedly pushed plaintiff's wife back into their apartment. (Docket No. 9 at page 8) [Count 3].

The plaintiff also asserts that these facts support a claim of assault against Dougherty, Moran,

---

[2]   This claim is labeled as a claim for "mental suffering and emotional distress (Docket
No. 9 at page 16), but was construed by Judge Telesca as an excessive force claim relating to the
claims set forth in the Third and Sixth counts. (Docket No. 12 at page 19, n.10).

Huff and Kane (for failing to stop the alleged assault)[Count 6].[3] Roberites claims that Huff and

Kane failed to act to protect him from the assault by Moran and Dougherty. (Docket No. 9 at

page 15)[Count 12].  In Count 15, Roberites asserts that these acts caused him to fear being

paralyzed (Docket No. 9 at page 16) [Count 15].  Finally, in Count 16, the plaintiff asserts that

York, "after learning of the violations" of his rights at the hands of Huff, Moran, Dougherty and

Kane, "failed to remedy the wrong and/or was 'grossly negligent' in that he did not adequately

supervise the defendants." (Docket No. 9 at page 17)[Count 16].


**Corresponding with the Court through Letters**

The plaintiff has submitted several letters to the Court, sometimes attaching documents

and argument.  The defendant has also, but less frequently, corresponded with the Court through

letters. **The parties are directed to cease from submitting letters to the Court in this matter.**

To the extent judicial intervention is needed in this matter, the parties shall file appropriate

motions or other pleadings. The Court will not consider any of the material or argument

submitted by the parties in letter form. **The Clerk of the Court is directed to return any letters**

**sent to the Court to the appropriate sender.**


**Motion to Supplement Pleading**

The plaintiff has filed a "request to add additional pages to supplement pleading" (Docket

No. 23). This is not a motion to amend the complaint inasmuch as the plaintiff does not seek to

---

[3] The plaintiff also alleges that Moran and Huff assaulted his wife, Tonia Roberites. (Docket No. 9 at page 12). Tonia Roberites is not a party to this action.

add new parties, claims or allegations. Instead, the papers the plaintiff seeks to add (Docket Nos. 24 and 25) are the plaintiff's legal argument in support of his claims. It was not necessary for the plaintiff to submit this legal argument at this time. Thus, the motion to supplement the pleadings is denied without prejudice. The plaintiff will certainly be permitted to submit his legal argument at the appropriate time in connection with any motion or trial in this case.

**Plaintiff's Motion for Injunction / Defendants' Motion to Compel**

The plaintiff has filed a motion for an order restraining the defendants from obtaining records relating to his medical and mental condition and "suppressing" any such records already obtained by the defendants. (Docket No. 29). The plaintiff suggests that the defendants obtained these records directly from the Livingston County Jail and/or Sheriff's Department, and that this information is privileged. (Docket No. 29 at page 3). The plaintiff also objects to introduction of any evidence relating to his criminal record. (Docket No. 29 at pages 6-7).

In response to the plaintiff's motion, the defendants cross-moved to compel the plaintiff to execute authorizations allowing the defendants to obtain his medical records (Docket No. 38). Counsel for the defendants acknowledges that some medical records possessed by the Livingston County Jail were provided to counsel at the outset of the litigation. (Docket No. 38-1; Exhibit D). The Livingston County Jail was one of the original named defendants in this case, but all claims against the Jail have been dismissed and the Jail, which was never served in this matter, is not a party to this action. The Court notes that while the defendants have not presented authority which would allow for the disclosure of medical records without an appropriate authorization in such circumstances, the plaintiff has not articulated how he was prejudiced in this action from

this disclosure other than to assert that his right to privacy was violated.

In any event, the plaintiff has placed his physical and mental condition at issue in this case by claiming injury to his wrists, exacerbation of his prior neck and back injury; and emotional distress relating to fear of further injury to his neck and back, discovery relating to the plaintiff's injuries and past medical history is relevant in this action. The defendants represent that the plaintiff has now agreed to execute the authorizations allowing the defendants to obtain the medical records. Based upon this purported agreement, the defendants had withdrawn their motion to compel. (Docket No. 56 at page 2). However, in a subsequent letter, the plaintiff denied that his agreement to provide authorizations applies to his motion relating to the medical records already obtained. (Docket No. 77). Thus, it is unclear, based upon this record, whether the issue regarding the plaintiff's execution of medical record authorizations has been resolved. Because the plaintiff's medical condition is at issue in this case, to the extent that he has not yet done so, the plaintiff is directed to execute HIPPA compliant authorizations allowing the defendants to obtain his medical records from all medical providers.[4] To the extent that the plaintiff seeks a restraining order precluding disclosure of his medical records by the Livingston County Jail, the motion should be denied inasmuch as the Livingston County Jail is not a party to this action. Moreover, the Court notes that the plaintiff would be required to execute a medical release relating to such records in this case, and that the plaintiff has apparently agreed to execute

---

[4] To the extent that the plaintiff seeks to have any such documents "suppressed" or precluded from being sued as evidence, such a determination is more properly made by the Judge presiding over the trial in this case at the appropriate time.

such releases with respect to his medical records.[5]

The plaintiff also objects to the defendants obtaining, and using, his prior criminal history in connection with this action. Underlying the plaintiff's original claims was the allegation that he was falsely arrested and charged with arson and fraud. Further, the plaintiff's excessive force claims are based upon his arrest in connection with the underlying charges. The Court cannot conclude, based upon this record, that the plaintiff's criminal history is not relevant to the claims in this case. In any event, the admissibility of the plaintiff's prior criminal history is a determination more properly made by the Judge presiding over the trial in this case at the appropriate time.

In light of the above, the plaintiff's motion for an injunction restraining the defendants from obtaining his medical records should be denied. The defendants motion to compel has been withdrawn.

**Plaintiff's Motion to Compel**

The plaintiff has filed a motion seeking to compel the defendants to respond to his second set of interrogatories, as well as some unanswered questions in his first set of interrogatories. (Docket No. 64). The defendants assert that they have responded to the plaintiff's discovery demands and that in so responding, objected to answering interrogatories they determined were irrelevant to this action. (Docket No. 67). For example, the plaintiff asserted interrogatories inquiring whether defendant Kane told the Geneseo Town Justice that a "statement was on the

_____

[5] The Court need not reach the question of whether the plaintiff may have a separate claim against the Livingston County Jail regarding the disclosure of his medical records in this case.

6

way" or whether Kane notified Huff and Moran that the plaintiff and his wife were represented by Scott Cannon. The defendants argue that these interrogatories are irrelevant to the plaintiff's excessive force claim. (Docket No. 67 at page 3).

With respect to his First Set of Interrogatories, the plaintiff argues that defendant Huff failed to properly respond to Questions 1, 2, 3, 4, 5, 6, 7; that defendant Moran failed to respond to Questions 1, 3, 4, and 6; that defendant Kane failed to properly respond to Questions 1, 2, 3, 4, 6, and 7; that defendant Dougherty failed to respond to Questions 1, 3, 4 and 10; and defendant York failed to properly respond to Questions 1, 2, 3 and 4. (Docket No. 65 at page 3). The plaintiff does not specify any particular interrogatory included in his Second Set of Interrogatories. The plaintiff appears to assert that the defendants have failed to respond to the Second Set of Interrogatories in their entirety. (Docket No. 65 at ¶ 1). The record in this case reflects that the defendants did respond to the plaintiff's Second Set of Interrogatories. (Docket Nos. 59-63). Thus, the Court cannot address any deficiencies relating to the plaintiff's Second Set of Interrogatories.

With respect to the specific interrogatories from the plaintiff's First Set of Interrogatories (Docket No. 32) of which Roberites contends that the defendants' responses were insufficient, the Court addresses each individually.

Huff's Responses

> Question 1 – The plaintiff asks whether the defendant went to the plaintiff's residence to arrest him without a warrant. Huff responded by admitting that they arrived at the plaintiff's residence "to effectuate the arrest of the plaintiff." (Docket No. 67-10 at page 1). The plaintiff argues that this response is "elusive." (Docket No. 65 at page 3). Defendant Huff is directed to state whether or not he possessed a warrant for the plaintiff's arrest at

7

the time in question.

Questions 2 – The plaintiff asks Huff to list the names of all persons who "knew of [his] intentions [to arrest Roberites apparently without a warrant]." The plaintiff has not demonstrated that this information is relevant to whether or not the defendants used excessive force in effectuating his arrest or any other claim in this case. The defendant need not further respond to this interrogatory.

Question 3 – The plaintiff asks: "If the plaintiff would have refused to comply with the warrantless arrest, would you have made the arrest anyway. The plaintiff has not demonstrated that this information is relevant to whether or not the defendants used excessive force in effectuating his arrest or any other claim in this case. The defendant need not further respond to this interrogatory.

Question 4 – The plaintiff asks whether the defendant interrogated his wife before taking him before a Magistrate. Again, the plaintiff has not demonstrated that this information is relevant to whether or not the defendants used excessive force in effectuating his arrest or any other claim in this case. The defendant need not further respond to this interrogatory.

Question 5 – The plaintiff asks whether the defendant requested a warrant prior to going to the plaintiff's residence on June 30, 2008. Huff argues that this interrogatory is irrelevant to the claims in this action. The question of whether or not the plaintiff's arrest was effectuated pursuant to warrant may be relevant to the facts and circumstances relating to the plaintiff's arrest and the use of force at that time. Huff is directed to respond to this interrogatory.

Question 6 – The plaintiff asks for the dates of any psychological evaluation on Huff. The plaintiff has not demonstrated that this information is relevant to whether or not the defendants used excessive force in effectuating his arrest or any other claim in this case. The defendant need not further respond to this interrogatory.

Question 7 – The plaintiff asks whether Huff uses "profanity in [his] line of work." The plaintiff has not demonstrated that this information is relevant to whether or not the defendants used excessive force in effectuating his arrest or any other claim in this case. The defendant need not further respond to this interrogatory.

Moran's Responses

Question 1 – The plaintiff asks Moran "what was your reason for pushing Tonia Roberites?" Whether force was being used against the plaintiff's wife at the time of his arrest may be relevant to the facts and circumstances relating to the plaintiff's arrest and the use of force at that time. Moran is directed to respond to this interrogatory.

Question 3 – The plaintiff asks: "Did you know that there was no warrant for the plaintiff's arrest on June 30, 2008?" The officer's understanding as to the basis for the plaintiff's arrest may be relevant to the facts and circumstances relating to the plaintiff's arrest and the use of force at that time. Moran is directed to respond to this interrogatory.

Question 4 – The plaintiff asks when Moran first learned that Tonia Roberites would be interrogated. The plaintiff has not demonstrated that this information is relevant to whether or not the defendants used excessive force in effectuating his arrest or any other claim in this case. The defendant need not further respond to this interrogatory.

Quesion 6 – The plaintiff asks: "Have you made any statement including giving any testimony concerning the interrogation of Tonia Roberites?" The plaintiff has not demonstrated that this information is relevant to whether or not the defendants used excessive force in effectuating his arrest or any other claim in this case. The defendant need not further respond to this interrogatory.

York's Responses

Question 1 – The plaintiff asks: "When was it brought to your attention that the defendants ... were planning to arrest the plaintiff at his place of residence without a warrant?" The plaintiff has not demonstrated that this information is relevant to whether or not the defendants used excessive force in effectuating his arrest or any other claim in this case. The defendant need not further respond to this interrogatory.
Question 2 – The plaintiff asks "What is your policy for arresting a

suspect at their residence?" York responded by attaching the policy concerning handcuffing a prisoner. (Docket No. 41 at ¶ 2). The plaintiff argues that this does not respond to the question as to whether there is a policy relating to arresting an individual at his residence. York is directed to respond as to whether there is such a policy, and if such a policy exists, to provide it to the plaintiff.

Question 3 – The plaintiff asks for a manual relating to the interrogation of a suspect. The plaintiff has not demonstrated that this information is relevant to whether or not the defendants used excessive force in effectuating his arrest or any other claim in this case. The defendant need not further respond to this interrogatory.

Question 4 – The plaintiff asks whether York attended the trial of both the plaintiff and Tonia Roberites. The plaintiff has not demonstrated that this information is relevant to whether or not the defendants used excessive force in effectuating his arrest or any other claim in this case. The defendant need not further respond to this interrogatory.

Kane's Responses[6]

Question 1 – The plaintiff asks: "Is it normal practice to go to the residence of a suspect to make an arrest without a warrant." The plaintiff has not demonstrated that this information is relevant to whether or not the defendants used excessive force in effectuating his arrest or any other claim in this case. The defendant need not further respond to this interrogatory.

Question 2: The plaintiff asks: "After arresting the plaintiff without a warrant, did you take him immediately before a judge to be arraigned?" The defendant is directed to provide a response to this interrogatory.

---

[6]  The plaintiff's First Set of Interrogatories filed with the Court (Docket No. 32), only sets forth interrogatories with respect to defendants Huff, Moran and York. The document filed with the Court contains only 5 of a document that appears to have included 7 pages. It appears that pages 4 and 5 are missing from the document filed with the Court. Defendants Kane and Dougherty filed Responses to the Plaintiff's First Set of Interrogatories (Docket Nos. 42 and 43). The respective responses by Kane and Dougherty set forth the interrogatories posed to them by Roberites. The Court assumes that these responses accurately set forth the plaintiff's interrogatories.

Question 3 – The plaintiff asks: "If you answer no to Question 2, please give the reason for the delay." The defendant is directed to provide a response to this interrogatory.

Question 4 – The plaintiff asks whether Kane loosened the plaintiff's handcuffs on June 30, 2008 as requested by the plaintiff. Kane responded: "No." It would appear that this response adequately responds to the interrogatory. The defendant need not further respond to this interrogatory.

Question 6 – The plaintiff asks whether Kane intervened during the pushing of Tonia Roberites. The plaintiff has not demonstrated that this information is relevant to whether or not the defendants used excessive force in effectuating his arrest or any other claim in this case. The defendant need not further respond to this interrogatory.

Question 7 – The plaintiff asks whether Kane told Huff or Moran that counsel for Tonia Roberites requested that she not be questioned. The plaintiff has not demonstrated that this information is relevant to whether or not the defendants used excessive force in effectuating his arrest or any other claim in this case. The defendant need not further respond to this interrogatory.

Dougherty's Responses

Question 1 – The plaintiff asks whether Dougherty spoke with anyone by way of his cell phone while transporting the plaintiff to Geneseo Court on June 30, 2008. The plaintiff has not demonstrated that this information is relevant to whether or not the defendants used excessive force in effectuating his arrest or any other claim in this case. The defendant need not further respond to this interrogatory.

Question 3 – The plaintiff asks whether Dougherty intervened when Tonia Roberites was pushed by Moran. The plaintiff has not demonstrated that this information is relevant to whether or not the defendants used excessive force in effectuating his arrest or any other claim in this case. The defendant need not further respond to this interrogatory.

Question 4 – The plaintiff asks Dougherty to provide his cell phone

11

records for June 30, 2008.  The plaintiff has not demonstrated that
this information is relevant to whether or not the defendants used
excessive force in effectuating his arrest or any other claim in this
case.  The defendant need not further respond to this interrogatory.

Question 10 – The plaintiff asks how long it took Dougherty to
fingerprint the plaintiff.  The plaintiff has not demonstrated that
this information is relevant to whether or not the defendants used
excessive force in effectuating his arrest or any other claim in this
case.  The defendant need not further respond to this interrogatory.

**The defendants shall supplement their responses to the above interrogatories within**

**20 days of the date of this Order**.  It appears that once the defendants supply these

supplemental interrogatories, all discovery in this case is complete. The parties have not

identified other pending discovery issues or requested an extension of time to address for needed

discovery.


**Plaintiff's Motion for Appointment of Counsel**

The plaintiff has again applied to the Court for appointment of counsel pursuant to 28

U.S.C. § 1915(e). (Docket No.  68).  The plaintiff's prior motions for the appointment of counsel

have been denied. (Docket Nos. 12 and 35).

There is no constitutional right to appointed counsel in civil cases.  However, under 28

U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, Sears,

Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988).

Assignment of counsel in this matter is clearly within the judge's discretion.  In re Martin-

Trigona, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not

to assign counsel include the following: (1)  Whether the indigent's claims seem likely to be of

substance; (2) Whether the indigent is able to investigate the crucial facts concerning his claim;

(3) Whether conflicting evidence implicating the need for cross-examination will be the major

proof presented to the fact finder; (4) Whether the legal issues involved are complex; and (5)

Whether there are any special reasons why appointment of counsel would be more likely to lead

to a just determination. Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); *see also* Hodge

v. Police Officers, 802 F.2d 58 (2d Cir. 1986); Carmona v. United States Bureau of Prisons, 243

F.3d 629, 632 (2d Cir.2001); Abdur-Raqiyb v. Erie County Medical Center, 2006 WL 1800710,

at *1 (W.D.N.Y.,2006).

The Court has reviewed the facts presented herein in light of the factors required by law

as discussed above. The record reflects that the legal issues presented are not unduly complex

and that the plaintiff can adequately prosecute his claim *pro se*. Based on this review, plaintiff's

motion for appointment of counsel is denied without prejudice at this time. It is the plaintiff's

responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**Motions for Summary Judgment[7]**

On January 24, 2013, the plaintiff filed a motion for partial summary judgment in this

case (Docket No. 75). The defendants filed a motion for summary judgment on February 7,

2013. (Docket No. 76). The Court will provide an extended briefing schedule relating to the

motions for summary judgment so that the parties can use the limited discovery directed above in

---

[7] The plaintiff filed a motion for an extension of time to file dispositive motions (Docket No. 71). Pursuant to the scheduling order, dispositive motions were due February 28, 2013 (Docket No. 16). The plaintiff filed his motion for summary judgment on January 24, 2013. Thus, the motion for an extension of time is moot.

connection with the motions, if it is relevant.

**Responses to the respective motions for summary judgment shall be filed by April 12, 2013.  Replies, if any, shall be filed by April 30, 2013.** The motions will be deemed submitted without oral argument unless otherwise determined upon review of the papers.

**THE PLAINTIFF IS ADVISED THAT THE MOTION FOR SUMMARY JUDGMENT SEEKS TO DISMISS THE COMPLAINT AS TO THE DEFENDANTS.  IF THE PLAINTIFF FAILS TO RESPOND, THE COMPLAINT MAY BE DISMISSED AS AGAINST THE DEFENDANTS BASED UPON A FAILURE TO PROSECUTE THIS ACTION.  THE PLAINTIFF'S RESPONSE SHOULD PROVIDE THE COURT WITH THE FACTUAL BASIS AND LEGAL ARGUMENTS WHICH WOULD PRECLUDE THE DISMISSAL OF THE PLAINTIFF'S CLAIMS AS AGAINST EACH OF THESE DEFENDANTS.** For further information, the plaintiff is directed to the attached notice pursuant to  Irby v. New York City Transit Authority, 262 F 3d 412 (2d Cr 2001).

**Conclusion**

Consistent with the above, the plaintiff's motion to add pages to the supplemental pleading (Docket No.  23) is denied; the defendants' motion to compel discovery (Docket No. 38) was deemed withdrawn; the plaintiff's motion to compel discovery (Docket No.  64) is granted in part, denied in part; the plaintiff's motion for the appointment of counsel (Docket No. 68) is denied, the plaintiff's motion for an extension of time (Docket No.  71) is moot.

Also discussed above, it is recommended that the plaintiff's motion for injunction relief

(Docket No. 29) be denied.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y. Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and

recommendations to which objection is made and the basis for such objection and shall be

supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3)may**

**result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
February 26, 2013

# RULE 56 MOTIONS FOR SUMMARY JUDGMENT - <u>IRBY</u> NOTICE
(See <u>Irby v. New York City Transit Authority</u>, 262 F 3d 412 (2d Cr 2001))

A party in your lawsuit has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which means that summary judgment will be granted if the Court finds that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

## Failure to Respond to A Motion For Summary Judgment May Result in The Grant of Judgment in Favor of The Party Seeking Summary Judgment and The Dismissal of All or Part of The Case.

### <u>Opposing Affidavits and Exhibits</u>

Therefore, if the motion seeks summary judgment against you, you **MUST** submit opposing papers in the form of one or more affidavits (or affirmations) made upon the personal knowledge of the person signing each affidavit. Each affidavit must set forth admissible facts and must show that the person submitting that affidavit is competent to testify as to the matters stated therein (because he or she has personal knowledge of the facts set forth in the affidavit). If you wish to submit exhibits in opposition to the motion, you may attach to the affidavit (or submit separately) sworn or certified copies or all papers or parts thereof which are referred to in an affidavit.

### <u>Statement of Material Facts Requiring a Trial</u>

If the motion seeks summary judgment against you, you **MUST** also submit a <u>separate</u>, short, and concise statement of the material facts as to which you contend there exists a genuine issue which must be tried. *See* Rule 56 of the Local Rules of Civil Procedure (available on the Western District web site at www.nywd.uscourts.gov). Note that all of the material facts which have been set forth in the statement served on you by the moving party (which that party claims are material facts about which there is no genuine issue to be tried) <u>will be deemed to have been admitted by you unless you controvert the facts in your statement of material facts presenting a genuine issue requiring a trial.</u>

### <u>Memorandum of Law</u>

If the motion seeks summary judgment against you, you **MUST** also submit a <u>separate</u> answering memorandum of law, Local Rule 7.1(e), which may not exceed 25 pages in length without prior approval of the Court, Local Rule 7.1(f). Failure to comply may result in the motion being decided against the noncomplying party

**NOTE:** If you are the party bringing the summary judgment motion, you may file reply papers ONLY if you state on the notice of motion that you wish to do so and/or if the court order scheduling the motion gives you the opportunity for doing so. See Local Rules of Civil Procedure Rule 7.1(c).