UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JESSE J. ROBERITES,

                Plaintiff,

    v.                                            **ORDER**
                                                    11-CV-521S

RON HUFF JR., et al.,

                Defendants.

1.    On June 21, 2011, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983.  On July 23, 2012, Plaintiff filed a motion for injunctive relief, specifically requesting, among other things, that Defendants be precluded from utilizing allegedly improperly obtained medical records.

2.    On September 26, 2012, this Court referred this matter to the Honorable Hugh B. Scott, United States Magistrate Judge, to hear and decide all non-dispositive motions or applications, supervise discovery, and prepare and file a report and recommendation containing findings of fact, conclusions of law and a recommended disposition of any dispositive motions, including requests for injunctive relief, pursuant to 28 U.S.C. § 636(b)(1).

3.    On February 26, 2013, Judge Scott filed a Report and Recommendation recommending that Plaintiff's motion for injunctive relief be denied.  The Recommendation was included in a Decision and Order that resolved five additional non-dispositive motions filed by the parties.

4. In light of Plaintiff's objection, this Court has reviewed *de novo* Judge Scott's recommendation to deny Plaintiff's request for an injunction, and upon such due consideration, finds no legal or factual error. The Report and Recommendation is accepted. Moreover, Plaintiff's objection, as asserted in his papers, is directed to the Magistrate Judge's refusal to suppress the medical records already obtained by Defendants. Determinations regarding the admissibility of evidence are non-dispositive decisions, see Hassen v. Maersk Lines, Ltd., No. CV 2003-5443(DLI)(MDG), 2005 WL 5712849, *1 (E.D.N.Y. Apr. 15, 2005) (evidentiary rulings fall within scope of authority to determine non-dispositive motions), and they will be reconsidered by the district judge only when it has been established that they are clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Tompkins v. R.J. Reynolds Tobacco Co., 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000). Here, the Court does not find Judge Scott's conclusion, that the preclusion of any evidence is a determination best left to the trial judge, to be clearly erroneous or contrary to law.

5. Plaintiff further objects to Judge Scott's denials of his request to supplement the pleadings, his motion to compel, and his request for counsel. These determinations are also with the authority of the Magistrate Judge to hear and decide. This Court has reviewed Plaintiff's objections and finds that nothing therein compels a finding that Judge Scott's Decision and Order is clearly erroneous or contrary to law.

6. Finally, Plaintiff's request to supplement his objections to Judge Scott's order is denied. (Docket No. 92.) The arguments raised in the proposed supplement pertain to Defendants' alleged failure to comply with the directives in the February 26, 2013 order,

and not to the validity of the order itself. These arguments are more properly addressed by Judge Scott.

IT HEREBY IS ORDERED, that this Court accepts Judge Scott's Report and Recommendation (Docket No. 79) in its entirety;

FURTHER, that Plaintiff's motion for injunctive relief (Docket No. 29) is DENIED;

FURTHER, to the extent that Plaintiff objected to determinations within the Magistrate Judge's authority to resolve, such objections to Judge Scott's Decision and Order are DENIED;

FURTHER, that Plaintiff's request to supplement his objections to Judge Scott's Report and Recommendation (Docket No. 92) is DENIED.

SO ORDERED.

Dated: March 29, 2013
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court