UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Jesse J. Roberites,

            Plaintiff,

**Hon. Hugh B. Scott**

11CV521

v.

**Report
& Recommendation**

Ron Huff Jr. et al.,

            Defendants.

Before the Court are: the plaintiff's motion for partial summary judgment (Docket No. 75) and the defendants' motion for summary judgment (Docket No. 76).

**Background**

The plaintiff, Jesse J. Roberites ["Roberites"], commenced this action alleging various claims against 13 defendants. (Docket No. 9). The claims arise out of Roberites' arrest on arson charges.[1] The record reflects that the plaintiff was convicted in Livingston County Court on June

---

[1] The Amended Complaint also includes allegations relating to the arrest of the plaintiff's wife, Tonia Roberites. Tonia Roberites is not a party to this action. The plaintiff's motion to join his wife as a plaintiff was previously denied inasmuch as the plaintiff is not an attorney and cannot prosecute claims on behalf of another individual. (Docket No. 17). Thus, to the extent that the Amended Complaint asserts claims relating to the treatment of Tonia Roberites, such claims are not properly before the Court at this time.

9, 2009, on one count of arson in the third degree and one count of insurance fraud in the second degree, (Docket No. 12 at page 7).[2]

Roberites claims that when he was arrested on June 30, 2008, Kane and Dougherty placed handcuffs on him too tight causing cutting and bruising. The plaintiff asserts that he asked to have the handcuffs loosened, but they were not. He also asserts that Dougherty "pushed" him to place him in a patrol car. (Docket No. 9 at pages 7-8) [Count 3]. The plaintiff also asserts that these facts support a claim of assault against Dougherty, Moran, Huff and Kane (for failing to stop the alleged assault)[Count 6]. Roberites further claims that Huff and Kane failed to act to protect him from the assault by Dougherty. (Docket No. 9 at page 15)[Count 12]. In Count 15, Roberites asserts that his being pushed caused him emotional distress (Docket No. 9 at page 16) [Count 15]. Finally, in Count 16, the plaintiff asserts that York, "after learning of the violations" of his rights at the hands of Huff, Moran, Dougherty and Kane, "failed to remedy the wrong and/or was 'grossly negligent' in that he did not adequately supervise the defendants." (Docket No. 9 at page 17)[Count 16].

---

[2] By Order dated March 30, 2012, pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) and other authority, Judge Michael Telesca dismissed counts 1, 5, 10, 11 and 17 without prejudice; dismissed counts 7, 8 and 18 with prejudice; and stayed counts 2, 4, 9, 13 and 14. (Docket No. 12). Only Count 3 (excessive force), Count 6 (assault), Count 12 (failure to protect), Count 15 (excessive force/emotional distress), and Count 16 (supervisory liability) were allowed to proceed. (Docket No. 12). Thus, the Amended Complaint was served upon defendants Ron Huff, Jr., Kim Moran, Michael Dougherty, John York, and Gerald Kane. These defendants answered (Docket No. 14). Several of the plaintiff's claims were stayed pending resolution of his state court appeal. With respect to these stayed claims, the plaintiff was directed to inform the Court as to the status of his state court criminal proceedings every 6 months. (Docket No. 12 at page 14). The record does not reflect that the plaintiff complied with this directive. In any event, the defendants assert that the plaintiff's state court appeal concluded on December 26, 2012. (Docket No. 96 at page 11). The plaintiff has not articulated any basis to revive any of the claims stayed or dismissed without prejudice. The record does not reflect a basis to preclude these claims from dismissal under Heck v. Humphrey.

**Excessive Force Claims**

Both the plaintiff and the defendants seek summary judgment with respect to Roberites' claims that excessive force was used in connection with his arrest on June 30, 2008. The defendants contend that the sole remaining claim in this action is the plaintiff's excessive force claim. (Docket No. 76-1 at ¶4). That is not technically correct inasmuch as the plaintiff's claims for assault, failure to protect and failure to supervise are also pending. However, the plaintiff's assault claim is based upon the same conduct as the excessive force claim. If the force used to arrest the plaintiff was not "excessive," that same conduct cannot be the basis of an assault claim. See Stokes v. City of New York, 2007 U.S. Dist. LEXIS 32787, at *50 (E.D.N.Y. May 3, 2007) (dismissing battery claim because reasonable force during lawful arrest is privileged); Kramer v. City of New York, 2004 WL 2429811, at *11 (S.D.N.Y. Nov. 1, 2004) (dismissing assault and battery claims based on handcuffing during lawful arrest); Palmer v. Town of Eastchester, 1997 WL 811536, at *4 (S.D.N.Y. Apr. 9, 1997) (handcuffing and pat-down during lawful arrest was privileged and defeated state law claims for assault and battery). Similarly, the plaintiff's remaining claims alleging a failure to protect, emotional distress and failure to supervise are all based upon the plaintiff's claim that excessive force was used in connection with his arrest. If the plaintiff's excessive force claim fails, his remaining claims must also be dismissed.[3]

---

[3] The Court does not make any independent findings as to the sufficiency of the allegations relating to the plaintiff's assault, failure to protect, emotional distress or failure to supervise claims, or the applicability of any claims against any specific defendants, inasmuch as such issues were not raised in the defendant's motion.

Standard of Review

Summary judgment is appropriate where there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law. See Trans Sport, Inc. v. Starter Sportswear, Inc., 964 F. 2d 186, 188 (2nd Cir. 1992) citing Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). The court must draw all reasonable inferences in favor of the non-moving party and grant summary judgment only if no reasonable trier of fact could find in favor of the non-moving party. See Taggart v. Time Inc., 924 F.2d 43, 46 (2d Cir.1991); Howley v. Town of Stratford, 217 F.3d 141 (2nd Cir. 2000). However, the non-moving party must, "demonstrate to the court the existence of a genuine issue of material fact." Lendino v. Trans Union Credit Information, Co., 970 F.2d 1110, 1112 (2nd Cir. 1992), citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). A fact is material:

> when its resolution would "affect the outcome of the suit under the governing law" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."

General Electric Company v. New York State Department of Labor, 936 F.2d 1448, 1452 (2nd Cir. 1991), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "The non-moving party must come forward with enough evidence to support a jury verdict ... and the ... motion will not be defeated merely ... on the basis of conjecture or surmise." Trans Sport, supra, 964 F.2d at 188, quoting Bryant v. Maffucci, supra. If undisputed material facts are properly placed before the court by the moving party, those facts will be deemed admitted, unless they are properly controverted by the non-moving party." Glazer v. Formica Corp., 964 F.2d 149, 154 (2nd Cir. 1992), citing Dusanenko v. Maloney, 726 F.2d 82 (2nd Cir. 1984). The Court's

4

responsibility in addressing a summary judgment motion is identifying factual issues, not resolving them. See Burger King Corp. v. Horn & Hardart Co., 893 F.2d 525, 528 (2nd Cir. 1990). However, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Nippon Fire & Marine Ins. Co., Ltd. v. Skyway Freight Systems, Inc., 235 F.3d 53 (2nd Cir. 2000) quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Excessive Force

The plaintiff asserts that excessive force was used upon him when he was arrested on June 30, 2008. Because the alleged use of force took place prior to the plaintiff's conviction, this claim is governed by the Fourth Amendment "reasonableness" standard. Graham v. Connor, 490 U.S. 386, 394-95 (1989); Nimely v. City of New York, 414 F.3d 381, 390 (2d. Cir. 2005); *see also* Brown v. Doe, 2 F.3d 1236, 1242 n. 1 (2d Cir.1993).[4]  A law enforcement officers' application of force is excessive, in violation of the Fourth Amendment, if it is objectively unreasonable "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, ... violates the Fourth Amendment" Id. at 396 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973)). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable

---

[4] The Due Process Clause governs excessive force claims arising in a pre-conviction context. After conviction, the Eighth Amendment serves as the primary source of substantive protection in cases where the deliberate use of force is challenged as excessive and unjustified. Graham, 490 U.S. at 395.

5

officer on the scene, rather than with the 20/20 vision of hindsight." Id. (citing Terry v. Ohio, 392 U.S. 1, 20-22 (1968)). Generally, the force used by a defendant must be more than *de minimis* in order for a plaintiff's claim to be actionable. Id. 490 U.S. at 397; Romano v. Howarth, 998 F.2d 101, 105 (2d Cir.1993). To succeed on a claim of excessive force, plaintiff must put forth evidence that the defendants' conduct was "objectively sufficiently serious or harmful... ." United States v. Walsh, 194 F.3d 37, 50 (2d Cir.1999).[5]

It is well established that the right to make an arrest accompanies with it the right to use some degree of physical coercion. This includes the handcuffing of the person being arrested. It is also well settled that "to be effective handcuffs must be tight enough to prevent the arrestee's hands from slipping out." Esmont v. City of New York, 371 F.Supp.2d 202, 214–15 (E.D.N.Y.2005) (citations omitted). However, "overly tight handcuffing can constitute excessive force." Lynch ex rel. Lynch v. City of Mount Vernon, 567 F.Supp.2d 459, 468 (S.D.N.Y.2008). "[I]n evaluating the reasonableness of handcuffing, a Court is to consider evidence that: 1) the handcuffs were unreasonably tight; 2) the defendants ignored the arrestee's pleas that the handcuffs were too tight; and 3) the degree of injury to the wrists." Esmont, 371 F.Supp.2d at 215 (citations omitted). This inquiry must reflect the totality of the circumstances, including any facts that bear on whether use of an unusual degree of force may have been justified. See Matthews v. City of New York, 889 F.Supp.2d 418, 442–43 (E.D.N.Y. Sept. 5, 2012) (noting

---

[5] The subjective intent of the officers involved is irrelevant. "[T]he subjective motivations of the individual officers ... ha[ve] no bearing on whether a particular seizure is 'unreasonable' under the Fourth Amendment." Graham, 490 U.S. at 397, 109 S.Ct. 1865. "An officer's evil intentions will not make a Fourth Amendment violation out of ... objectively reasonable" conduct, "nor will an officer's good intentions make ... objectively unreasonable ... [conduct] constitutional." Kerman v. City of New York, 261 F.3d 229, 235 (2d Cir.2001); see also Scott v. United States, 436 U.S. 128, 138 n. 12, (1978) (collecting cases).

that where "plaintiffs allegedly were compliant with police orders and not violent or resisting arrest," this fact "suggests that their arrests likely did not necessitate an unusual degree of force").

The injury requirement is "particularly important." Sachs v. Cantwell, 2012 WL 3822220, at *14 (S.D.N.Y. Sept. 4, 2012). "Courts have found that handcuffing can give rise to a § 1983 excessive force claim where plaintiff suffers an injury as a result." Gonzalez v. City of New York, No. 98 Civ. 3084, 2000 WL 516682, at *4 (E.D.N.Y. Mar. 7, 2000). However, "[t]here is a consensus among courts in this circuit that tight handcuffing does not constitute excessive force unless it causes some injury beyond temporary discomfort." Lynch, 567 F.Supp.2d at 468; accord Gonzalez, 2000 WL 516682, at *4 ("[I]f the application of handcuffs was merely uncomfortable or caused pain, that is generally insufficient to constitute excessive force."). These injuries need not be "severe or permanent," Vogeler v. Colbath, No. 04 Civ. 6071, 2005 WL 2482549, at *9 (S.D.N.Y. Oct. 6, 2005), but must be more than merely "*de minimis*," Washpon v. Parr, 561 F.Supp.2d 394, 407 (S.D.N.Y.,2008). See also Mesa v. City of New York, 2013 WL 31002, at *18 (S.D.N.Y. Jan. 3, 2013) ("[W]hile a sustained injury that requires doctors' visits is not a necessary element of a successful excessive force claim, where a plaintiff suffers from *de minimis* injury, it is more difficult to establish that the force used was excessive in nature." (citations omitted)). The most common injuries found to satisfy the injury requirement in handcuff cases are scarring and nerve damage. See, e.g., Washpon, 561 F.Supp.2d at 407 (scarring), Esmont, 371 F.Supp.2d at 214–15 (nerve damage); Simpson v. Saroff, 741 F.Supp. 1073, 1078 (S.D.N.Y.1990) (scarring).

Notwithstanding, "unsubstantiated claims of nerve damage, in the absence of

7

corroborating medical evidence, are insufficient' to sustain a claim of excessive force from handcuffing." Matthews, 889 F.Supp.2d at 442–43 (quoting Esmont, 371 F.Supp.2d at 215). A claim may be maintained based upon a "plaintiff's testimony about the injuries and subsequent treatment" relating to those injuries. Pelayo v. Port Authority, 893 F.Supp.2d 632, 642-43 (S.D.N.Y.,2012) (citing Mickle v. Morin, 297 F.3d 114, 121–22 (2d Cir.2002)). The fact that a plaintiff sought emergency medical treatment right after a handcuffing incident may also support a finding of injury at the summary judgment stage. See Washpon, 561 F.Supp.2d at 407 (denying summary judgment where, inter alia, plaintiff "did seek emergency medical treatment right after the incident").

    In the instant case, the plaintiff asserts that he has a permanent scar resulting from the fact that the handcuffs were too tight around his wrist. The plaintiff also asserts that he suffered an aggravation of his pre-existing back and neck injuries when Dougherty allegedly pushed him. (Docket No. 31 at page 3). The parties dispute whether the plaintiff complained that the handcuffs placed on him by Dougherty were too tight. In an interrogatory, the plaintiff asked: "You did not loosen the handcuffs when the plaintiff requested you to do so." To which Dougherty responded "No." (Docket No. 42 at ¶ 7). It would seem that such a response implies an acknowledgment that the plaintiff had requested that Dougherty loosen the handcuffs at the time of the arrest. However, in a subsequent affidavit submitted in support of the instant motion, Dougherty stated that he did not "recall Mr. Roberites ever asking [Dougherty] to loosen the handcuffs." (Docket No. 76-9). In any event, the defendants argue that the plaintiff has not presented any medical evidence that he was injured as a result of the tight handcuffs. Unlike the cases cited by the defendants (Docket No. 96 at page 6-7), Roberites alleges that he sustained

8

injury and a permanent scar to his wrist as a result of the failure to loosen the handcuffs. Significantly, the defendants do not rebut the plaintiff's claim that he has a permanent scar resulting from the handcuffing. The fact that the plaintiff did not seek medical treatment for this injury does not, under these circumstances, require dismissals of such claims. Robinson v. Via, 821 F.2d. 913 (2d. Cir. 1987)(While defendant did not seek medical treatment for her injuries, and this fact may ultimately weigh against her in the minds of the jury in assessing whether the force used was excessive, this failure is not fatal to her claim. If the force used was unreasonable and excessive, the plaintiff may recover even if the injuries inflicted were not permanent or severe.); Mesa, 2013 WL 31002 at *18. As noted above, a question of fact exists as to whether the plaintiff complained about the handcuffs being too tight. If the trier of fact were to accept the plaintiff's claims that the handcuffs were too tight; that he complained about the handcuffs being too tight; that Dougherty refused to loosen the handcuffs; and that he suffered injury, including a permanent scar as a result of the handcuffs being too tight, the trier of fact could find in favor of the plaintiff. The record before the Court does not allow the Court to conclude, as a matter of law, that the handcuffs were not too tight; that the plaintiff did not complain that the handcuffs were too tight; or that the plaintiff suffered only *de minimus* injury as a result of the tight handcuffs.

Similarly, a question of fact exists as to whether the plaintiff was pushed or shoved by Dougherty at the time of his arrest. The plaintiff asserts that he was pushed by Dougherty with sufficient force to aggravate pre-existing neck and back injuries. The defendants do not appear to dispute that the plaintiff has pre-existing back injuries. The medical records reflect that the plaintiff had surgeries on his back in 1999 and 2000 and on his neck in 2004 (Docket No. 76-3 at

9

page 34) and that he was taking Naprosyn for pain at the time of his arrest in June of 2008. (Docket No. 76-3 at page 32-33). Assuming the plaintiff's allegations to be true, a trier of fact could conclude that Roberites' back and neck injuries were aggravated as a result of force employed by the defendants in connection with Roberites' arrest. If the force used in effectuating Roberites' arrest was reasonable, the fact that his pre-existing injury was aggravated would not preclude the grant of summary judgment. However, whether any force was used in this case and the reasonableness of such force is in dispute. Dougherty denies that he pushed Roberites. (Docket No. 42 at ¶ 8). Based upon this record, questions of fact exist as to whether Roberites was pushed by Dougherty; and if so, how hard he was pushed and the circumstances surrounding whether it was necessary or reasonable to push Roberites to effectuate the arrest. These questions of fact preclude the Court from concluding that, as a matter of law, any force used against Roberites to effectuate his arrest was reasonable.

In light of the questions of fact in this case, the respective motions for summary judgment relating to the plaintiff's excessive force claim should be denied.

Qualified Immunity

The defendants also assert that they are entitled to qualified immunity. (Docket No. 76-4 at page 5). When considering a government official's qualified immunity claim, the Court must first ask whether, "[t]aken in the light most favorable to the party asserting the injury, ... the facts alleged show the officer's conduct violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). The Court must analyze claims of excessive force arising in the context of an arrest under the Fourth Amendment's objective reasonableness test,

paying "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham v. Connor, 490 U.S. 386, 394-396 (1989). Accepting the defendants' account of what transpired at the time of the arrest, the Court cannot say that the level of force used was reasonable as a matter of law. See, e.g., Curry v. City of Syracuse, 316 F.3d 324, 332 (2d Cir.2003) (stating that plaintiff may prevail on excessive force claim "if he is able to show that [the officer] used more force than was necessary to subdue him"). "The right of an individual not to be subjected to excessive force has long been clearly established." Calamia v. New York, 879 F.2d 1025, 1036 (2d Cir.1989). Because whether force is excessive turns on its reasonableness, the Second Circuit has held that "[s]ummary judgment on qualified immunity grounds is not appropriate when there are facts in dispute that are material to a determination of reasonableness." Thomas v. Roach, 165 F.3d 137, 143 (2d Cir.1999); see also Kerman v. City of New York, 261 F.3d 229, 239 (2d Cir.2001) (reversing grant of judgment as a matter of law on excessive force claim because "the contrasting accounts ... present factual issues as to the degree of force actually employed and its reasonableness"). Because the parties' accounts differ on the important questions of whether force was used or whether that force was excessive, summary judgment on qualified immunity is inappropriate. Mills v. Fenger, 216 Fed.Appx. 7 (2d. Cir. 2006).

## Conclusion

Based on the above, it is recommended that the respective motions for summary judgment be denied.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y. Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
August 23, 2013