UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JESSE J. ROBERITES,

                              Plaintiff,

                                                    **DECISION AND ORDER**
                                                    11-CV-521S

              v.

RON HUFF, JR.[1] et al.,

                              Defendants.

## I.      INTRODUCTION

The Hon. William M. Skretny referred this case to this Court under 28

U.S.C. § 636(b).  (Dkt. No. 57.)  Pending before the Court is a non-dispositive

motion by defendants (Dkt. No. 186) to reopen discovery to allow for the

deposition of one of plaintiff's treating physicians, Peter Capicotto, M.D.

Defendants assert that they did not receive an authorization for the release of

Dr. Capicotto's records until Summer 2015, long after they requested the

authorization and months after the Court closed discovery in January.

Defendants assert that the medical records received warrant a deposition to

explore whether plaintiff's claimed injuries have worsened and, if so, why.

Plaintiff, who is *pro se*, opposes reopening discovery on the basis that he

_____

[1] The Clerk of the Court is directed to conform the lead defendant's name on the docket sheet to how it appears here.

furnished a full authorization as far back as January 24, 2014 and that

defendants had a year to take the deposition before discovery closed.

The Court has deemed the motion submitted on papers under Rule 78(b)

of the Federal Rules of Civil Procedure.  For the reasons below, the Court grants

the motion.

## II.    BACKGROUND

The Court will presume general familiarity with the case and will focus on

the facts that affect the pending motion.  Briefly, plaintiff claims that excessive

force during an arrest on April 16, 2008 caused him back injuries and

aggravated neck injuries that had been addressed through surgery.  Prior

proceedings in the case have left plaintiff with Counts 3, 6, 12, 15 and 16 from

his amended complaint.  (*See* Dkt. Nos. 9, 12, 165.)  When this Court denied a

motion from plaintiff to amend his complaint, it closed discovery and found the

case ready for trial as of January 28, 2015.  (Dkt. No. 165 at 5–6.)

Meanwhile, events leading up to the pending motion began as far back as

2012.  On July 12, 2012, defendants sent plaintiff interrogatories that included a

request for the names of all health care practitioners who treated him for his

alleged injuries.  (Dkt. No. 186-2 at 6.)  Plaintiff, who was incarcerated at the

time, responded with a letter dated July 17, 2012.  (*Id.* at 11–12; *see also* Dkt.

No. 38-4 at 1–2.)  In the letter, plaintiff identified Dr. Capicotto as a medical

provider.  Some resistance from plaintiff to providing at least some

2

authorizations led to a motion by defendants to compel authorizations.  (Dkt. No. 38.)  On February 26, 2013, the Court granted the motion to compel authorizations for all medical providers.  (Dkt. No. 80 at 5.)  Judge Skretny affirmed the granting of the motion to compel on March 29, 2013.  (Dkt. No. 93.)[2] Following the order to provide authorizations, defendants sent plaintiff letters on October 3, October 18, October 30, November 15, and December 12, 2013, all in an effort to have plaintiff sign authorizations that included an authorization for Dr. Capicotto's office.  (Dkt. No. 186-2 at 14–20.)  On January 24, 2014, plaintiff signed an unrestricted authorization for Dr. Capicotto's office that did not expire until the end of litigation.  (Dkt. No. 188 at 5.)  Plaintiff, however, did not send that authorization to defendants because he provided an earlier authorization in September 2012—an authorization that the provider rejected.  (*See* Dkt. No. 133 at 1–2; Dkt. No. 190 at 2 n.1.)  Plaintiff appears not to have known in January 2014 that his September 2012 authorization had been rejected.  Around the same time in early 2014, delays that commonly occur within the prison mail system may have created some confusion between the parties that prompted a motion to dismiss from defendants.  (*See generally* Dkt. No. 129; *see also* Dkt. Nos. 136; 144 at 6; 149 at 4 ("The instant motion is moot to the extent that the

_____

[2] Plaintiff also attempted an interlocutory appeal concerning defendant's access to medical records.  (Dkt. No. 111.)  The Clerk of the Court did not receive the mandate from the Second Circuit until June 5, 2014 (Dkt. No. 148), but neither side appears to have stopped discovery-related proceedings in this case during the pendency of the appeal.

defendants acknowledge that the plaintiff has now provided executed copies of the [HIPAA] authorizations which the defendants provided to the plaintiff for medical records relating to his alleged physical injuries.").)

The full sequence of discovery-related events after early 2014 is not clear. The next letter that defendants have attached to their motion papers is dated December 10, 2014 and again asks for a list of current health care providers. (Dkt. No. 186-2 at 22.)  Defendants may have been seeking an update of plaintiff's provider list.  Defendants appear not to have sent a signed authorization to Dr. Capicotto's office until August 18, 2005; the accompanying letter requested records only for November 20, 2014 to the present.  (*Id.* at 24.) An unrestricted request for medical records does not appear to have reached Dr. Capicotto's office until August 25, 2015.  (*Id.* at 30.)

Defendants filed the pending motion on September 25, 2015.  Defendants note that they did acknowledge receipt of all authorizations around the time of their motion to dismiss but had not noticed that the January 24, 2014 authorization was not included among other authorizations provided. Defendants then argue that they did not receive an authorization from plaintiff until August 2015 and did not receive Dr. Capicotto's full records until sometime thereafter.  Defendants assert that a deposition is necessary to determine Dr. Capicotto's position on the cause of plaintiff's neck and back injuries. Defendants conclude that a deposition will not cause plaintiff any prejudice.  To

the extent that plaintiff claims that he sent an authorization in January 2014, defendants assert that plaintiff has contradicted himself.  By letter dated January 26, 2014, plaintiff notified defendants that he did not mail the January 24, 2014 authorization for Dr. Capicotto's office because he provided a prior authorization in September 2012—an authorization that defendants claim was rejected by the provider.  (*See* Dkt. No. 133 at 1–2; Dkt. No. 190 at 2 n.1.)  Plaintiff opposes the motion by citing to the January 24, 2014 authorization and by arguing that defendants have had plenty of time already to depose Dr. Capicotto.

## III.   DISCUSSION

Although no formal scheduling order currently is in effect, the Court's prior order closing discovery is functionally equivalent to a discovery deadline in a Rule 16 scheduling order.  "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "A finding of good cause depends on the diligence of the moving party."  *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (citations omitted).  "Courts also consider the following factors: 1) the imminence of trial; 2) whether the request is opposed; 3) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; 4) prejudice to the non-moving party; and 5) whether further discovery is likely to lead to relevant evidence."  *Krawec v. Kiewit Constructors Inc.*, No. 11 CIV. 0123 LAP, 2013 WL 1104414, at *8 (S.D.N.Y. Mar. 1, 2013) (citation omitted).

5

Here, the circumstances narrowly favor an expedited deposition.

Defendants' failure to notice the absence of the January 24, 2014 authorization

has prolonged the duration of discovery issues in this case.  Defendants have

not explained why they needed so long to notice the absence of the

authorization.  Defendants' suggestion that plaintiff did not identify Dr. Capicotto

until July 25, 2015 (Dkt. No. 186-1 at 5) is confusing; plaintiff identified Dr.

Capicotto's office as a provider as far back as July 17, 2012.  Defendants also

do not explain why their first letter to Dr. Capicotto (Dkt. No. 186-2 at 24) asked

for medical records only as far back as November 20, 2014.  Nonetheless, and

contrary to plaintiff's argument, defendants reasonably could not have deposed

Dr. Capicotto before obtaining all of the records that likely would be discussed at

the deposition.  *Cf. Carlson v. Geneva City Sch. Dist.*, 277 F.R.D. 90, 95

(W.D.N.Y. 2011) (Payson, *M.J.*) (justifying a delay in a deposition when medical

records had not been produced); *see also Euler v. JetBlue Airways Corp.*, No.

12 CV 4140 JBW LB, 2013 WL 1482749, at *3 (E.D.N.Y. Apr. 10, 2013)

("Should JetBlue not be able to obtain the medical records prior to plaintiffs'

depositions despite its best efforts, JetBlue may seek leave to re-depose

plaintiffs on the limited grounds of his/her medical treatment pursuant to

Fed.R.Civ.P. 30(b)."); *Trzeciak v. Apple Computers, Inc.*, No. 94 CIV. 1251

(LAK), 1995 WL 66420, at *1 (S.D.N.Y. Feb. 15, 1995) (allowing a limited re-

opening of a deposition based on recently received medical records).  The

primary information that defendants seek at the deposition—whether plaintiff's injuries have worsened and whether Dr. Capicotto assigns a cause to any worsening—is central to plaintiff's claims.  The information is particularly important given that the medical records provided seem to suggest possible other causes of plaintiff's symptoms.  (*See*, *e.g.*, Dkt. No. 186-3 at 2–3.)  So long as the deposition occurs quickly, the importance of the information that will be obtained narrowly overrides the confusion surrounding the chronology of events in this case.  An expedited deposition also will eliminate any concern that plaintiff may have about prejudice stemming from delay.

The Court thus will reopen discovery for the limited purpose of an expedited deposition of Dr. Capicotto.  The deposition must occur either within 60 days of the date of this Decision and Order or at Dr. Capicotto's earliest availability, whichever is sooner.  The parties will notify the Court when the deposition has occurred, at which point the Court will schedule a status conference to confirm readiness for trial.

As a housekeeping note, plaintiff requested permission to reopen certain motions if the Court allowed a deposition of Dr. Capicotto.  (Dkt. No. 188 at 3.) Unless the deposition of Dr. Capicotto somehow affects the Court's resolution of those prior motions, the Court will not disturb its prior orders.  The Court thus denies the request.

**IV.      CONCLUSION**

For all of the foregoing reasons, the Court grants defendants' motion.

(Dkt. No. 186.)  Defendants may conduct an expedited deposition of Dr.

Capicotto as described above.

SO ORDERED.

_/s/ Hugh B. Scott_
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: November 12, 2015

8